Per Curiam.

The defendant’s car made a sudden stop and was struck from the rear by a car owned and driven by the plaintiff Max Becker, resulting in damage to plaintiff’s car. The plaintiff Dorothy Becker was a passenger in the car driven by Max Becker and alleges that she was injured by reason of the collision.
The defendant testified that a dog stepped into the path of his car and that he stopped his car in order to avoid hitting the dog.
*147 The jury in the City Court of Rochester rendered a verdict of no cause of action in each case. Upon appeal to the County Court, the judgments in favor of defendant and the order in each case denying plaintiff’s motion to set the verdict aside and for a new trial were reversed and a new trial granted. The County Court held that ‘1 no emergency was created by the dog which justified the abrupt stopping of his automobile by the defendant ”. The County Court further concluded that ‘1 Assuming that the red warning light was automatically lighted by the application of defendant’s brakes, that such a light was not ‘ an adequate mechanical signal device ’ as is provided for in Section 83, subdivision 1 [of the Vehicle and Traffic Law] ”.
Whether or not the defendant was confronted with an emergency within the meaning of subdivision 1 of section 83 of the Vehicle and Traffic Law was a question of fact for the jury. (Raolaslovic v. New York Central R. R. Co., 245 N. Y. 91, 100; Lewis v. Long Island R. R. Co., 162 N. Y. 52; Restatement, Torts, § 296; Burhans v. Burhans, 159 Md. 370; Massie v. Barker, 224 Mass. 420.) Except in an emergency, the statute required the defendant before stopping to “ give warning, either by holding his arm straight out horizontal and at right angles to the vehicle, or by operating an adequate mechanical signal device. ’ ’ Defendant did not hold out his arm but contends that he operated an adequate mechanical signal device when he applied the brakes to stop his car. His car was equipped with two stop lights on the rear thereof which operated from the foot brake. He testified that these lights were in perfect working order when inspected immediately after the accident. Whether or not, defendant violated subdivision 1 of section 83 of the Vehicle and Traffic Law was a question of fact for the jury.
The jury’s verdict in favor of the defendant in each case was not, in our opinion, either contrary to or against the weight of evidence. The order of the County Court should be reversed on the law and facts, with costs in this court and in the Monroe County Court and the judgment and order of the City Court in each case should be affirmed.
All concur. Present — Taylor, P. J., McCurn, Love, Vaughan and Piper, JJ.
In each case: Order of the Monroe County Court reversed on the law and facts, with costs in this court and in the Monroe County Court and judgment and order of Rochester City Court affirmed.